UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THE TRAVELERS INDEMNITY COMPANY,

                           Plaintiff,

       -against-

STATE NATIONAL INSURANCE COMPANY and
MARKEL AMERICAN INSURANCE COMPANY

                           Defendants.
-------------------------------------------------------------X

Case No. 1:23-CV-10866-CM

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/25

## JOINT MOTION FOR STAY OF PROCEEDINGS

Plaintiff, The Travelers Indemnity Company ("Travelers"), along with Defendants State National Insurance Company ("SNIC") and Markel American Insurance Company ("MAIC") (collectively "the Parties"), by and through their respective undersigned counsel, hereby respectfully move this Court to enter a stay of this action pending completion of discovery in the Underlying Action.

As support for this Motion, the Parties state as follows:

1. In this declaratory judgment action, Travelers seeks a declaration that Defendant SNIC and Defendant MAIC have defense and indemnity obligations in connection with an underlying tort action captioned *Timothy Spaun v. Rockefeller Group et al.* in the Supreme Court of the State of New York, County of New York, Index No. 154959/2021 (the "Underlying Action").

2. More specifically, Travelers seeks a declaration that SNIC is obligated to defend and indemnify JRM Construction Management, LLC ("JRM"), Office of the Commissioner of Baseball d/b/a Major League Baseball and MLB Advanced Media, LP (together as "MLB"), Rockefeller Group and Rockefeller Center North, Inc. (together as "Rockefeller") (all collectively as "Underlying Defendants") in connection with the Underlying Action.

---

[Handwritten endorsement:]

9/29/2025

I am prepared to stay this action for 6 months — no longer. It is an old case. You could have brought this coverage action in state court, where it could proceed at the [same pace as the underlying action] [if you chose not to] [file in my district]. So — 6 month stay, until 3/31/2026. [Please file your dispo[sition] am... CM]

No further stay after that.

3. Travelers further seeks a declaration that MAIC is obligated to provide coverage in connection with the Underlying Action once the applicable limits of underlying coverage are exhausted.

4. SNIC and MAIC have denied the substantive/material allegations in Travelers' Complaint.

5. SNIC issued an insurance policy to DAL Electrical Corp. ("DAL") providing commercial general liability coverage for the policy period February 1, 2019 to February 1, 2020 under policy number PSI 1900155 (the "SNIC Policy"). MAIC issued an Excess Insurance Policy to Named Insured DAL bearing policy number MKLM1EUL100687 for the same policy period.

6. The relevant additional insured endorsement in the SNIC Policy states that it applies where SNIC's insured has agreed by written contract to provide coverage and applies only "with respect to operations performed by or on behalf of" DAL and "with respect to occurrences subsequent to the making of such written contract."

7. Presently, there is a factual dispute in the Underlying Action regarding whether the alleged occurrence was subsequent to the making of a written contract between Travelers' insured, JRM, and Defendants' insured, DAL.

8. The parties in the Underlying Action have been conducting depositions that are critical to the factual dispute in this action. JRM's deposition was held on November 5, 2024.

9. The parties in the Underlying Action were scheduled to take the deposition of DAL on February 6, 2024. Unfortunately, the deposition had to be postponed because counsel for one of the parties contracted COVID-19. The parties in the Underlying Action then rescheduled the deposition of DAL for March 31, 2025; however, it did not proceed on that date.

10. On March 26, 2025, DAL filed a third-party complaint in the Underlying Action

against a new party, Adria Industrial Piping LTD ("Adria"), which further delayed completion of the depositions in the Underlying Action.

11. The Parties in the present declaratory judgment action, by and through undersigned counsel, represent that the delayed completion of discovery and depositions in the Underlying Action is wholly outside of their control.

12. Per the attached July 22, 2025 Status Conference Order, the court in the Underlying Action has ordered that the deposition of DAL take place on or before January 15, 2026. See Status Conference Order, attached hereto as **Exhibit A.**

13. Per the July 22, 2025 Status Conference Order, the court in the Underlying Action has also set the deadline for filing the Note of Issue, which signifies the completion of discovery, as March 27, 2026. See **Exhibit A.**

14. On May 29, 2025, this Court entered an Order Granting the Parties' Letter Motion for Extension of Time to complete discovery in this action (the "Order"). *See* ECF No. 32.

15. Per the Order, discovery in this declaratory judgment action is to be completed by September 30, 2025, motions are due by October 30, 2025, and a pretrial order is due by October 30, 2025. *Id.*

16. "A district court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Loftus v. Signpost*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020).

17. District Courts consider five factors when determining whether to grant a stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the

defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

18. Here, the Parties jointly represent to this Court that the completion of discovery in the Underlying Action will provide information that is critical to the coverage determination in this declaratory judgment action. More particularly, the DAL deposition, which is scheduled for January 15, 2026, will provide critical information regarding whether the Claimant's alleged injury occurred subsequent to the making of a written contract between JRM and DAL, as required by the relevant additional insured endorsement in the SNIC Policy.

19. The factual dispute in the Underlying Action regarding whether the alleged occurrence was subsequent to the making of a written contract with DAL is critical to the claims for contractual indemnification in the Underlying Action and, therefore, in accordance with settled New York law, that dispute must be adjudicated in discovery in the Underlying Action before that issue can be determined in the instant related insurance coverage dispute. *Wesco Insurance Company v. Hellas Glass Works Corp.*; 2019 N.Y. Misc. LEXIS 5195 (N.Y. County 2019), aff'd, 188 A.D.3d 621 (2d Dept. 2020) (duty to indemnify under insurance policies could not be determined because depositions and discovery in the Underlying Action was still ongoing).

20. Moreover, a stay of the proceedings pending the completion of discovery in the Underlying Action is warranted in the interests of judicial economy and the Parties' interests in the efficient use of their own resources.

21. Accordingly, the Parties jointly move this Court to stay this action pending completion of discovery in the Underlying Action.

22. Alternatively, the parties jointly request an extension of the discovery deadline in

4

this action until March 27, 2026, and an extension of the pretrial order deadline/summary judgment deadline to April 27, 2026.

WHEREFORE, for good cause shown, the Parties respectfully request that the Court grant this Joint Motion to Stay Proceedings. Alternatively, the Parties respectfully request that this Court extend the discovery deadline in this action until March 27, 2026 and extend the pretrial order deadline/summary judgment deadline to April 27, 2026.

Dated: Hartford, CT
September 26, 2025

Respectfully submitted,

| THE TRAVELERS INDEMNITY COMPANY<br>By its attorney | STATE NATIONAL INSURANCE COMPANY<br>By its attorney |
|---|---|
| /s/ Logan A. Carducci<br>Logan A. Carducci<br>Usery & Associates<br>P.O. Box 2996<br>Hartford, CT 06104-2996<br>Phone: 860-277-3891 | /s/ Sherri N. Pavloff<br>Sherri N. Pavloff<br>Stonberg Hickman & Pavloff, LLP<br>505 Eighth Avenue, Suite 2302<br>New York, NY 10018<br>Phone: 212-231-2220 |

MARKEL AMERICAN INSURANCE COMPANY
By its attorney

/s/ Michael P. Kandler
Michael P. Kandler
Goldberg Segalla LLP
50 Main Street, Suite 425
White Plains, New York 10606
Phone: 914-798-5400

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 07/25/2025 12:03 PM    INDEX NO. 154959/2021
NYSCEF DOC. NO. 45    Case 1:23-cv-10866-CM    Document 33-1    Filed 09/26/25    Page 2 of 3    RECEIVED NYSCEF: 07/25/2025
Case 1:23-cv-10866-CM    Document 45    Filed 09/30/25    Page 7 of 8

# SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK

Spaun, Timothy

- vs -

Rockefeller Group et al

Index No. 154959/2021
Appearance No. 007
IAS Part 34

## STATUS CONFERENCE ORDER

On July 22, 20 25 a conference was held in this case. The parties appeared as follows:

Plaintiff(s) π by [signature]

Defendant(s) Δs/3rd P Δπs by [signature] Fixler & LaGattuta

TPΔ/2TP π DAL Electris. by Litchfield Cavo

2nd Third Party ADRIA WUSTRIAL by ROBERT EVANS — [illegible]

The Court has considered the status of this case [and determined that the Court's order of **April 1**, 20**25** has not been complied with in that] EBTs of TPΔ & 2TPΔ are outstanding and discovery between 2nd Third Partys and remains outstanding. TPΔ has demand for supp. responses to Notice to Admit as per email dated 6/11/2025.

Accordingly, it is ORDERED that

Cont. EBT of π - ▶ 12/4/25

Cont. EBT of Δ JRM Construction - 12/16/25

EBT of DAL Elec. - 1/15/2026 - TPΔπ Req. EBT of S. D'Alessio as per notice to Admit - TPΔ DAL agrees to produce PMK

EBT of Adria Industrial (2TPΔ) - 1/27/2026

Paper Discovery due, as set out above due in 30 days.

- DAL's Response to Not. for Disc. & Insp. by TPπ served 6/11/2025 due in 30 days, to the extent not already provided

- DAL to produce last known address of foreman onsite at time of accident

Page 1 of 2

STATUS CONFERENCE ORDER

Index No. 154959/2021   Case Spaun, Timothy vs. Rockefeller Group et al

- Parties reserve the right to further IMEs, including vocational.

Absent good cause shown, any discovery issues not raised herein will be deemed waived. All dispositive motions must be filed within 60 days of the note of issue.

Failure to comply with these directives may result in the imposition of costs or sanctions including dismissal or default judgment. Dates set forth may not be extended or adjourned except with advance approval of the Court.

SC: 03/31/2026 (if necessary)

NOI: 03/27/2026

SO ORDERED:

Dated: _____   _____, J.S.C.
HON. DAKOTA D. RAMSEUR

Page 2 of 2

2 of 2